United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3170
_____

United States of America,              *
                                        *
            Appellee,                   *
                                        *     Appeal from the United States
      v.                                *     District Court for the
                                        *     District of Minnesota
David Fuchs,                            *
                                        *       [UNPUBLISHED]
            Appellant.                  *

_____

Submitted: December 15, 1997
Filed: December 30, 1997
_____

Before McMILLIAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.
_____

PER CURIAM.


David Fuchs pleaded guilty to transferring counterfeit twenty-dollar bills in violation of 18 U.S.C. § 473. The District Court[1] for the District of Minnesota imposed a sentence of four years probation, with the condition that Fuchs serve sixty days of intermittent confinement in jail with work release privileges, and a $1,740 fine. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

remand for resentencing is necessary because the district court failed to comply with 18 U.S.C. § 3553(c) by not stating in open court its reason for imposing sixty days jail confinement instead of sixty days home detention. We granted Fuchs leave to file a pro se supplemental brief, which he has not done. For the reasons discussed below, we affirm.

At the sentencing hearing, both Fuchs and the government indicated they had no objection to the presentence report (PSR), and the district court adopted the Sentencing Guidelines calculations in the PSR, which included a sentencing range of two to eight months imprisonment. Just before imposing Fuchs's sentence, the district court stated, "I have tried to design a sentence that will allow you to continue your employment, and I think that's important. There is going to be a fine here that's equivalent to the amount of the counterfeit currency that was passed, and, on your income, it will take you some time to pay it off. But I want you to devote your primary attention to getting that fine paid off and continuing your employment." (Sent. Tr. at 5.) Fuchs's sentence of probation was authorized under the Guidelines, as long as the court included a condition that substituted for imprisonment a term of intermittent confinement, community confinement, or home detention. See U.S. S.G. § 5C1.1(e)(3) (1997). We believe that, in compliance with 18 U.S.C. § 3553(c), the district court adequately stated its reasons for imposing a sentence of probation. The more specific requirement of 18 U.S.C. § 3553(c)(1)--that the sentencing court state "the reason for imposing a sentence at a particular point within the range"--did not apply here. Cf. United States v. Garrido, 38 F.3d 981, 986 (8th Cir. 1994) (district court need not state any reasons for choosing particular point within Guidelines range where applicable range was less than 24 months). The sentencing court was not required to articulate its reason for substituting for imprisonment intermittent jail confinement, as opposed to home detention. See United States v. Pippin, 903 F.2d 1478, 1484-85 (11th Cir. 1990).

Having carefully reviewed the record, we find no other nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.